

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

**FILED**

DEC 0 8 2020

PATRICK KEANEY
Clerk, U.S. District Court
By _____
Deputy Clerk

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | **SEALED** |
| v. | **Case No. 20-CR-074-JFH** |
| **DENNIS DEWAYNE CANTRELL, DENNIS EDWARD CANTRELL, RANDALL BRENT COOK, JASON NATHANIEL HOLLAND a/k/a Shogun, PAUL CASEY CRAIG, BREE ANGELICA OSBURN, MICHAEL MOSES GEORGE, CHRISTINA MICHELLE KETCHUM, STACIE RENEE BORRENKOTT, and PARKER BOLIN MATHIEWS** | |
| *Defendants.* | |

## SUPERSEDING INDICTMENT

The Federal Grand Jury charges:

## INTRODUCTION

At all times relevant to this Superseding Indictment:

1.    **DENNIS DEWAYNE CANTRELL** was a resident of McAlester, Oklahoma, which is in the Eastern District of Oklahoma. **DENNIS DEWAYNE CANTRELL** is the son of **DENNIS EDWARD CANTRELL**. **DENNIS DEWAYNE CANTRELL** was a member of Universal Aryan Brotherhood, a prison based gang.

1

2. **DENNIS EDWARD CANTRELL** was a resident of McAlester, Oklahoma, which is in the Eastern District of Oklahoma. **DENNIS EDWARD CANTRELL** is the father of **DENNIS DEWAYNE CANTRELL**.

3. **JASON NATHANIEL HOLLAND**, also known as "Shogun," was an inmate at the Oklahoma State Penitentiary in McAlester, Oklahoma, which is in the Eastern District of Oklahoma. **JASON NATHANIEL HOLLAND** is a member of the Universal Aryan Brotherhood.

4. **RANDALL BRENT COOK** was an inmate as the North Fork Correctional Center in Sayre, Oklahoma, which is in the Western District of Oklahoma. **RANDALL BRENT COOK** is a member of the Universal Aryan Brotherhood.

5. **PAUL CASEY CRAIG** was a resident of Pittsburg, Oklahoma, which is in the Eastern District of Oklahoma. **PAUL CASEY CRAIG** was an employee of Oklahoma Department of Corrections and was employed at the Oklahoma State Penitentiary in McAlester, Oklahoma.

6. **BREE ANGELICA OSBURN** was a resident of McAlester, Oklahoma, which is in the Eastern District of Oklahoma.

7. **MICHAEL MOSES GEORGE** was a resident of Oklahoma City, Oklahoma, which is in the Western District of Oklahoma.

8. **CHRISTINA MICHELLE KETCHUM, STACIE RENEE BORRENKOTT,** and **PARKER BOLIN MATHIEWS** were residents of McAlester, Oklahoma, which is in the Eastern District of Oklahoma.

## COUNT ONE

### DRUG CONSPIRACY
### [21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)]

Numerical paragraphs 1 through 8 of the Introduction are re-alleged and incorporated herein by reference.

Beginning on a date in July 2019, the exact date being unknown to the Grand Jury, and continuing until on or about the date of this Superseding Indictment, in the Eastern District of Oklahoma and elsewhere, **DENNIS DEWAYNE CANTRELL, DENNIS EDWARD CANTRELL, RANDALL BRENT COOK, JASON NATHANIEL HOLLAND, PAUL CASEY CRAIG, BREE ANGELICA OSBURN, MICHAEL MOSES GEORGE, CHRISTINA MICHELLE KETCHUM, STACIE RENEE BORRENKOTT, PARKER BOLIN MATHIEWS** defendants herein, did willfully and knowingly combine, conspire, confederate, and agree together, and with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 21, United States Code, Section 846, as follows:

### OBJECTS OF THE CONSPIRACY

1. To knowingly and intentionally distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

2. To knowingly and intentionally possess with the intent to distribute one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

3

3.      To knowingly and intentionally distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

4.      To knowingly and intentionally possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

## MANNER AND MEANS OF THE CONSPIRACY

In order to accomplish the objects of the conspiracy, the defendants and other persons known and unknown to the Grand Jury:

1.      Possessed with the intent to distribute and distributed heroin and methamphetamine to other individuals both known and unknown to the Grand Jury.

2.      Acquired quantities of heroin and methamphetamine from sources located in, but not limited to, communities in the Western and Eastern Districts of Oklahoma.

3.      Arranged for the transport of quantities of heroin and methamphetamine from the Western District of Oklahoma and other places to the Eastern District of Oklahoma and elsewhere.

4.      Maintained locations and residences in McAlester, Oklahoma, where heroin and methamphetamine was brought to be divided among conspirators for distribution within the Eastern District of Oklahoma and elsewhere.

5.      Arranged for the smuggling of heroin, methamphetamine, sim cards, and other contraband into the Oklahoma State Penitentiary in McAlester, Oklahoma.

6.      Collected, stored and transported sums of United States Currency derived from the sale of heroin and methamphetamine.

4

7.     Transferred proceeds from the distribution of heroin and methamphetamine using green dot cards, Western Union, and Walmart-to-Walmart transfers.

8.     Acquired certain assets, including houses, guns, and vehicles, to facilitate the distribution of heroin and methamphetamine.

9.     Used automobiles to further their narcotics conspiracy by traveling to Oklahoma City, Oklahoma, and elsewhere in order to facilitate the acquisition and distribution of heroin and methamphetamine.

10.    Used electronic communications equipment to further their narcotics conspiracy by use of cellular telephones, via standard cellular telephone service and social media platforms, to communicate with co-conspirators both known and unknown to the Grand Jury and with customers to whom they distributed methamphetamine.

11.    Concealed and moved evidence, contraband, and firearms to avoid detection and discovery by law enforcement.

12.    Possessed and carried firearms to further their narcotics conspiracy.

13.    Used violence and threats of violence to maintain discipline in the organization, deter individuals from cooperating with law enforcement, and retaliate against those that do cooperate.

14.    It was part of the conspiracy and understood that individual conspirators could contact their own sources, cultivate their own customers, and otherwise act independently when they desired, but although there were disagreements, the conspirators, with knowledge and support of each other's unlawful heroin and methamphetamine distribution activities, each conspirator at some time during the course of the conspiracy knowingly and intentionally agreed and acted

together jointly with other conspirators to advance the common overall goal of buying, selling and otherwise distributing heroin and methamphetamine.

## OVERT ACTS OF THE CONSPIRACY

In furtherance of the conspiracy and to effect and accomplish its objectives, the Defendants, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the Eastern District of Oklahoma and elsewhere:

1. From on or about May 11, 2020 through on or about May 14, 2020, **RANDALL BRENT COOK** distributed heroin and methamphetamine to **DENNIS DEWAYNE CANTRELL**.

2. Beginning from on or about a date uncertain to the Grand Jury and until on or about May 14, 2020, **PAUL CASEY CRAIG** smuggled heroin, methamphetamine, and other contraband into the Oklahoma State Penitentiary in McAlester, Oklahoma.

3. On or about May 14, 2020, at the direction of **JASON NATHANIEL HOLLAND** and **DENNIS DEWAYNE CANTRELL**, **PAUL CASEY CRAIG** agreed to distribute methamphetamine.

4. On or about May 14, 2020, **DENNIS DEWAYNE CANTRELL** possessed with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin and a mixture or substance containing a detectable amount of methamphetamine.

5. On or about May 14, 2020, **DENNIS DEWAYNE CANTRELL** possessed a firearm for use in connection with the distribution of heroin and methamphetamine.

6. On or about May 21, 2020, **DENNIS EDWARD CANTRELL** distributed heroin.

7.     On or about May 20, 2020, **MICHAEL MOSES GEORGE** distributed heroin to **DENNIS EDWARD CANTRELL** and **BREE ANGELICA OSBURN**.

8.     On or about June 1, 2020, **MICHAEL MOSES GEORGE** distributed heroin to **BREE ANGELICA OSBURN.**

9.     On or about June 4, 2020, **BREE ANGELICA OSBURN** distributed heroin.

10.    On June 22, 2020, **DENNIS DEWAYNE CANTRELL** distributed a controlled substance to **DENNIS EDWARD CANTRELL.**

11.    From on or about July 6, 2020 through on or about July 15, 2020, **DENNIS EDWARD CANTRELL** traveled to the Western District of Oklahoma several times and purchased heroin from **MICHAEL MOSES GOERGE**, which **DENNIS EDWARD CANTRELL** intended to distribute.

12.    On or about July 27, 2020, **DENNIS DEWAYNE CANTRELL** possessed with intent to distribute methamphetamine.

13.    On or about July 30, 2020, **DENNIS EDWARD CANTRELL** possessed with intent to distribute heroin.

14.    On or about August 2, 2020, **DENNIS EDWARD CANTRELL** traveled to the Western District of Oklahoma and purchased heroin from **MICHAEL MOSES GEORGE**, which **DENNIS EDWARD CANTRELL** intended to distribute.

15.    On or about August 6, 2020, **PARKER BOLIN MATHIEWS** agreed to transport money owed to **MICHAEL MOSES GEORGE** for prior purchases of heroin.

16.    On or about August 10, 2020, **DENNIS DEWAYNE CANTRELL** directed **STACIE RENEE BORRENKOTT** to break into an impound lot to retrieve a firearm from a vehicle that was impounded by law enforcement.

7

17.     On or about August 14, 2020, **STACIE RENEE BORRENKOTT** drove **DENNIS DEWAYNE CANTRELL** and **CHRISTINA MICHELLE KETCHUM** to Oklahoma City, Oklahoma to pick up methamphetamine from a source of supply.

18.     On or about August 14, 2020, **STACIE RENEE BORRENKOTT** concealed a contraband cellphone inside another individual in order for that individual to smuggle the cellphone into the Pittsburg County Jail.

19.     On or about August 20, 2020, **DENNIS EDWARD CANTRELL** distributed heroin.

20.     On or about August 20, 2020, **DENNIS DEWAYNE CANTRELL** possessed a firearm in furtherance of a drug trafficking crime.

21.     On or about August 21, 2020 and through August 22, 2020, **CHRISTINA MICHELLE KETCHUM**, at the direction of **DENNIS DEWAYNE CANTRELL**, moved, secreted, and hid evidence or contraband in order to avoid its discovery by law enforcement.

22.     On or about September 9, 2020, **DENNIS EDWARD CANTRELL** travelled to the Western District of Oklahoma and purchased heroin from **MICHAEL MOSES GEORGE**, which **DENNIS EDWARD CANTRELL** intended to distribute.

23.     On or about September 9, 2020, **MICHAEL MOSES GEORGE** distributed heroin to **BREE ANGELICA OSBURN**, which she intended to distribute.

24.     On or about September 23, 2020, **PARKER BOLIN MATHIEWS** agreed to transport money owed to **MICHAEL MOSES GEORGE** for prior purchases of heroin.

25.     On or about September 29, 2020, **PARKER BOLIN MATHIEWS** agreed to distribute heroin to an individual known to the Grand Jury.

26.     On or about October 3, 2020, **DENNIS EDWARD CANTRELL** distributed heroin.

27.     On or about October 7, 2020, **BREE ANGELICA OSBURN** possessed with intent to distribute heroin.

28.     On or about November 12, 2020, **CHRISTINA MICHELLE KETCHUM** distributed heroin or fentanyl to **PARKER BOLIN MATHIEWS**.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO

### POSSESSION WITH INTENT TO DISTRIBUTE HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)]

On or about May 14, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT THREE

### POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about May 14, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

### POSSESSION OF FIREARM IN FURTHERANCE OF DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about May 14, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** did knowingly possess a firearm, to wit: one (1) Ruger 9mm Model SR9C serial number 34-00852, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Drug Conspiracy as alleged in Count One, Possession with Intent to Distribute Heroin as alleged in Count Two, and Possession with Intent to Distribute Methamphetamine as alleged in Count Three, in violation of Title 18, United States Code, Section 924(c).

## COUNT FIVE

### FELON IN POSSESSION OF FIREARM
### [18 U.S.C. §§ 922(g)(1) & 924(a)(2)]

On or about May 14, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm, to-wit: one (1) Ruger 9mm Model SR9C serial number 334-00852, which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT SIX

### DISTRIBUTION OF HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about May 21, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS EDWARD CANTRELL,** did knowingly and intentionally distribute a mixture or substance

10

containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT SEVEN

### POSSESSION WITH INTENT TO DISTRIBUTE HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about June 24, 2020, in the Eastern District of Oklahoma, the defendant, **PAUL CASEY CRAIG**, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT EIGHT

### FELON IN POSSESSION OF FIREARM
### [18 U.S.C. §§ 922(g)(1) & 924(a)(2)]

On or about August 10, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm, to-wit: one (1) Ruger LC9s 9mm handgun bearing serial number 453-49848, which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT NINE

### DISTRIBUTION OF HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about August 20, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS EDWARD CANTRELL,** did knowingly and intentionally distribute a mixture or substance

11

containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT TEN

### POSSESSION OF FIREARM IN FURTHERANCE OF DRUG TRAFFICKING CRIME
### [18 U.S.C. § 924(c)]

On or about August 20, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL**, did knowingly possess a firearm, to wit: one (1) Hi-Point Model CF380, .380 ACP bearing serial number P834210, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, Drug Conspiracy as alleged in Count One, in violation of Title 18, United States Code, Section 924(c).

## COUNT ELEVEN

### FELON IN POSSESSION OF FIREARM
### [18 U.S.C. §§ 922(g)(1) & 924(a)(2)]

On or about August 20, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS DEWAYNE CANTRELL,** having been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing of such conviction, did knowingly possess in and affecting commerce, a firearm, to-wit: one (1) Hi-Point Model CF380 .380 ACP bearing serial number P834210, which had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## COUNT TWELVE

### DISTRIBUTION OF HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about October 3, 2020, in the Eastern District of Oklahoma, the defendant, **DENNIS EDWARD CANTRELL**, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT THIRTEEN

### POSSESSION WITH INTENT TO DISTRIBUTE HEROIN
### [21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C)]

On or about October 7, 2020, in the Eastern District of Oklahoma, the defendant, **BREE ANGELICA OSBURN**, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## FORFEITURE ALLEGATION
### [21 U.S.C. § 853]

The allegations contained in Counts One, Two, Three, Six, Seven, Nine, Twelve, and Thirteen of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

Upon conviction of the violations alleged in Counts One, Two, Three, Six, Eight, Eleven, and Twelve of this Superseding Indictment involving violations of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C), the defendant, **DENNIS DEWAYNE CANTRELL, DENNIS EDWARD CANTRELL, RANDALL BRENT COOK, JASON NATHANIEL HOLLAND, PAUL CASEY CRAIG, BREE ANGELICA OSBURN,**

13

MICHAEL MOSES GEORGE, CHRISTINA MICHELLE KETCHUM, STACIE RENEE BORRENKOTT, and PARKER BOLIN MATHIEWS shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853 any and all of the defendant's right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as the result of such offense[s], and any in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

## FIREARMS

- One (1) Ruger 9mm Model SR9C serial number 34-00852;

- One (1) Hi-Point Model CF380 .380 ACP bearing serial number P834210; and

- One (1) Ruger LC9s 9mm handgun bearing serial number 453-49848.

## MONEY JUDGMENT

An asset forfeiture money judgment in the amount of proceeds obtained by the conspiracy and by the defendants.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty,

14

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

### FORFEITURE ALLEGATION
**[18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c)]**

The allegations contained in Counts Four, Five, Eight, Ten, and Eleven of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction of the violations alleged in Counts Four, Five, Seven, Nine, and Ten of this Superseding Indictment involving violations of Title 18, United States Code, Sections 924(c), 922(g)(1), and 924(a)(2) the defendant, **DENNIS DEWAYNE CANTRELL,** shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms involved in the commission of the offenses, including, but not limited to:

- One (1) Ruger 9mm Model SR9C serial number 34-00852;

- One (1) Hi-Point Model CF380 .380 ACP bearing serial number P834210; and

- One (1) Ruger LC9s 9mm handgun bearing serial number 453-49848.

TRUE BILL:

BRIAN J. KUESTER
United States Attorney

RYAN CONWAY, NYBA # 5428149
Assistant United States Attorney

Pursuant to the E-Government Act, the original indictment has been filed under seal in the Clerk's Office.

s / Foreperson
FOREPERSON OF THE GRAND JURY

15